Filed 1/29/14  P. v. Beatty CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| THE PEOPLE, | C073301 |
| Plaintiff and Appellant, | (Super. Ct. No. 10NCR08286) |
| v. | |
| ROBERTA ANN BEATTY, | |
| Defendant and Respondent. | |

In August 2010, defendant Roberta Ann Beatty was charged with two felony offenses:  commercial burglary and forgery of a prescription for drugs.  In January 2011, defendant pled no contest to both charges.  In March 2011,  the trial court suspended imposition of sentence and placed defendant on three years of formal probation.  Among the terms and conditions of her probation, defendant was required to complete Glenn County's felony drug court program.

Twenty-one months later, on October 3, 2012, defendant appeared in the trial court for her "drug court graduation."  Defendant, her counsel, and probation were present at the graduation; the People were not represented.  At the graduation hearing, defendant's counsel made an oral motion to reduce the felony charges to misdemeanors

1

and dismiss them.  The trial court granted counsel's motion.  On December 31, 2012, the trial court issued a written order reducing the felony charges to misdemeanors, dismissed the charges, and discharged defendant from probation in the interests of justice.

The People appeal from the December 31, 2012 order.  On appeal, the People contend the trial court erred in reducing defendant's charges to misdemeanors without giving the People two days' written notice as mandated by Penal Code section 1203.3, subdivision (b)(1).  The People further contend the trial court erred in dismissing the charges against defendant without giving the People 15 days' notice of the petition to dismiss the charges, notice that is required by Penal Code section 1203.4, subdivision (e)(1).  Defendant did not respond to the appeal.

After reviewing the law and the record in this appeal, we agree the trial court erred in both respects.

DISPOSITION

The order reducing the charged offenses to misdemeanors and dismissing those same charges is reversed and the felony charges are reinstated.  Probation also is reinstated.  The matter is remanded to the trial court with instructions to set for hearing within 60 days of the remittitur, defendant's motions to reduce the charged offenses to misdemeanors and to dismiss them.

                                              ROBIE            , J.

We concur:


      BLEASE          , Acting P. J.


      BUTZ            , J.

2